**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| GARRETT MICHAEL NEWCOMBE, | ) | |
| | ) | |
| Plaintiff, | ) | 1:20-cv-00211 |
| | ) | |
| v. | ) | |
| | ) | |
| LYFT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, GARRETT MICHAEL NEWCOMBE, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, LYFT, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. GARRETT MICHAEL NEWCOMBE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Aurora, State of Colorado.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. LYFT, INC., (hereinafter, "Defendant") is a business entity that employs people to provide ride-share services. Defendant is incorporated in the State of Colorado.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. For more than one full year prior to the filing of this Complaint, Plaintiff had been employed by Defendant as a driver.

9. As part of its ongoing processes of managing employees, Defendant requires employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

10. Prior to December 25, 2019, in conducting a background check of Plaintiff, Defendant obtained from Checkr, Inc., a consumer report, as that term is defined by 15 U.S.C. §1681a(d), regarding Plaintiff.

11. Said consumer report was to be used by Defendant to assist in determining Plaintiff's fitness for continued employment.

12. After receiving and reviewing the consumer report obtained regarding Plaintiff, Defendant intended to deny Plaintiff continued employment based in whole or in part on the aforesaid consumer report.

13. At some time in December, prior to December 25, 2019, Defendant made a determination to terminate Plaintiff.

14. Employees for Defendant earn money by giving people a ride from one destination to another.

15. Employees for Defendant upload an application on their smartphones that connect them with people looking for rides. The person looking for a ride opens the application on their smartphone and seeks out a driver. An employed Lyft driver who is also in that same application will receive notice that there is a person looking for a ride.

16. On December 25, 2019, Plaintiff sought to begin working and opened up the application on his smartphone. However, at that time, Plaintiff was denied access to the application because of information that appeared on his aforementioned background report.

17. At no time after making the determination not to hire Plaintiff did Defendant provide any oral, written, or electronic notice to Plaintiff of the name, address and telephone number of the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

18. At no time after making the determination not to hire Plaintiff did Defendant provide Plaintiff oral, written, or electronic notice of the Plaintiff's right to obtain a free copy of the report on Plaintiff from the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

19. Prior to taking any action on Plaintiff's employment application to deny Plaintiff the employment opportunity, Defendant failed to provide Plaintiff a copy of the consumer report to Plaintiff.

20. Prior to taking any action on Plaintiff's employment application to deny Plaintiff the employment opportunity, Defendant failed to provide to Plaintiff a description in writing of the rights of Plaintiff under the FCRA.

21. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

22.  As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and an injury to his reputation, and Defendant's failure to provide Plaintiff the requisite disclosures and an opportunity to spare his good name and obtain meaningful employment.  Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23.  In conducting a background check and obtaining a consumer report on Plaintiff for purposes of employment, Defendant violated the FCRA in one or more of the following ways:

   a. Failed to provide the Plaintiff with a copy of the report procured for employment purposes prior to taking any adverse action against the Plaintiff in violation of 15 U.S.C. §1681b(b)(3)(A)(i);

   b. Failed to provide the Plaintiff, prior to taking any adverse action against the Plaintiff, with a description in writing of the rights of Plaintiff under the Fair Credit Reporting Act  in violation of 15 U.S.C. §1681b(b)(3)(A)(ii);

   c. Failed to provide the Plaintiff with oral, written, or electronic notice of the adverse action to the consumer in violation of 15 U.S.C. §1681m(a)(1);

   d. Failed to provide the Plaintiff with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report to the Defendant in violation of 15 U.S.C. §1681m(a)(3)(A);

   e. Failed to provide the Plaintiff with oral, written, or electronic notice of the Plaintiff's right to obtain a free copy, within sixty (60) days, of a consumer report from the consumer reporting agency that furnished the Defendant a consumer report on the Plaintiff and the Plaintiff's right to dispute the accuracy or completeness of any information contained in the consumer report in violation of 15 U.S.C. §1681m(a)(4);

   f. Otherwise negligently and willfully violated the Fair Credit Reporting Act.

## V.  JURY DEMAND

24.  Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GARRETT MICHAEL NEWCOMBE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.    All actual compensatory damages suffered;

      b.    Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

      c.    Punitive damages;

      d.    Plaintiff's attorneys' fees and costs; and,

      e.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**GARRETT MICHAEL NEWCOMBE**

By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: January 26, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com